**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WILBERFORCE KIGUNDU, | No. 05-76749 |
| Petitioner, | Agency No. A029-557-466 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 12, 2010
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and MOODY, District
Judge.[**]

Wilberforce Kigundu, a native and citizen of Uganda, petitions for review of

an order of the Board of Immigration Appeals ("BIA") affirming, without opinion,

an immigration judge's ("IJ") denial of Kigundu's application for asylum,

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James Maxwell Moody, Senior United States District
Judge for the District of Arkansas, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Kigundu argues the BIA and IJ erred in denying his asylum application because he adequately established through his own testimony that he has a well-founded fear of future persecution on account of an imputed political opinion that, as a member of the national boxing team, he supported the regime of former president Milton Obote.

Kigundu established, through his own credible testimony, that he has a subjective fear of future persecution on account of his imputed political opinion. *See Ahmed v. Keisler*, 504 F.3d 1183, 1192 (9th Cir. 2007). The IJ, however, found that Kigundu's fear of future persecution was not objectively reasonable because it was largely speculative and based on hearsay. The IJ's conclusion is supported by substantial evidence, as the record does not compel a contrary result. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir. 2004).

Kigundu made no showing that he "is at particular risk" of suffering persecution if he returns to Uganda because of his perceived association with the Obote regime. *Mgoian v. INS*, 184 F.3d 1029, 1035 (9th Cir. 1999) (quoting *Kotasz v. INS*, 31 F.3d 847, 852 (9th Cir. 1994)). He provided no objective support for his belief that the Museveni regime, which succeeded Obote's regime, was arresting and interrogating members of the national boxing team when he left

2

Uganda in 1988. Kigundu identified only one member of the boxing team who had been arrested, and admitted he did not know whether that person's arrest was related to his membership on the boxing team. Although both the Department of State country report and the Human Rights Watch report included in the record reveal that Uganda has a relatively weak human rights record, neither discusses any persecution of individuals who were formerly associated in any way with the Obote regime.

Kigundu makes no argument concerning the BIA's and IJ's denial of his claims for withholding of removal and protection under CAT and has therefore waived his right to challenge the denial of those forms of relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

Petition for review **DENIED.**